E-FILED
Friday, 10 December, 2021  06:42:45 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ERIC OLLISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17-CV-1077 |
| vs. | ) | |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED ANSWER AND AFFIRMATIVE DEFENSES

NOW COME Defendants, Gregory Gossett, Robbie Johnson, and Corey Wise, by and through their attorney, Kwame Raoul, Attorney General for the State of Illinois, and pursuant to Fed. R. Civ. P. 15(a)(2), respectfully move for leave to file an amended answer and affirmative defenses.  In support thereof, Defendants state as follows:

1.      On January 15, 2016, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical need, specifically chronic kidney disease, against Defendants, Gregory Gossett, Robbie Johnson, and Corey Wise, and co-Defendants Wexford Health Sources, Inc., Dr. Carla Greby, and various medical providers. [Doc. 1]. Plaintiff's Complaint alleges that the "acts and omissions of defendants, plaintiff sustained physical and emotional injuries, and suffered great physical, mental, and emotional pain and suffering, all to his damage, in an amount to be ascertained by jury at trial." [Doc. 1, page 23]. Plaintiff's Complaint further alleges that "defendants are jointly and severally liable to plaintiff pursuant to 42 U.S.C. § 1983." [Doc. 1, page 24].

2.      It is clear that Plaintiff considered Defendants and co-Defendants to be joint tortfeasors.

3.      On August 17, 2021, Plaintiff filed a motion with the Court that stated that co-Defendants and Plaintiff "have reached a meeting of the minds as to a settlement agreement regarding the payment of a certain sum of money in exchange for the dismissal of the Wexford defendants from the case." [Doc. 479, page 2].

4.      Accordingly, Defendants respectfully request leave to file an Amended Answer and Affirmative Defenses *instanter* to add an affirmative defense for setoff. [Exhibit 1, Defendant's proposed Amended Answer and Affirmative Defenses].

5.      Rule 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The liberal allowance of pleadings reflects the preference that controversies be decided on the merits when practicable. *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). "If a defendant could not have reasonably known of the availability of an affirmative defense at the time of the answer, raising that defense through later amendment should be considered timely, and the district court should grant leave to amend under Rule 15(a)(2)." *Burton v. Ghosh*, 961 F.3d 960, 965 (7th Cir. 2020).

6.      Pursuant to the Joint Tortfeasor Contribution Act, Defendants are entitled to offset from any judgment awarded against them in the amount of the settlement between Plaintiff and co-Defendants. "The question of setoffs in Illinois is governed by Section 2(c) of the Illinois Joint Tortfeasor Contribution Act." *FDIC v. Chi. Title Ins. Co.*, 12 F.4th 676, 689 (7th Cir. 2021) (*citing* 740 ILCS 100/2(c)). "Section 2(c) 'ensures that a nonsettling party will not be required to pay more than its *pro rata* share of the shared liability.'" *Id.* at 690 (*quoting Pasquale v. Speed Prods. Engineering*, 166 Ill.2d 337, 368 (1995)). "[W]hen settlement is reached in good faith, the amount a plaintiff receives on any claim against any other nonsettleing tortfeasors is to be

2

reduced by the amount stated in the settlement agreement, or the amount actually paid by the settling tortfeasor, whichever is greater." *Zivitz v. Greenberg*, 279 F.3d 536, 539 (7th Cir. 2002). A "setoff is intended to prevent double recovery, a full setoff may be awarded only where the settlement covers the same injury as that for which the non-settling defendant was found responsible." *Chi. Title Ins. Co.* 12 F.4th at 690. Courts have held that defendants have a "statutory right to a setoff under Illinois law." *Hoagland v. Armor*, Case No. 17-cv-3046, 2017 WL 4547913, at *3 (C.D. Ill. Oct. 12, 2017) (granting defendant's motion to amend its answer to add the affirmative defense of a right to a set off on any damages paid by a co-defendant)(*citing* 740 ILSCS 100/2).

7.      Courts in the Central District of Illinois have previously allowed defendants to amend their answer to add the affirmative defense of setoff after a settlement has been agreed to by a plaintiff and a co-defendant. *Sanders v. Kayira, et al.*, CDIL Case No. 18-cv-3202, Text Order issued 5/29/2020; *Talafhah v. Riss, et al.*, CDIL Case No. 19-cv-1065, Text Order issued 7/24/2020.

8.      No prejudice would result to Plaintiff if this motion was granted because Defendants have a statutory right to a setoff under Illinois law.

9.      The filing of this motion was delayed because Defendants waited for Plaintiff and co-Defendants to file a stipulation of dismissal with the Court. To date, a stipulation of dismissal has not been filed. In the abundance of caution, Defendants have decided to file this motion without a stipulation of dismissal on file with the Court.

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request this Honorable Court grant them leave to file their Amended Answer and Affirmative Defenses and for any other relief this Court deems appropriate.

Dated: December 10, 2021                    Respectfully submitted,

Kwame Raoul
Attorney General                            By:     s/    *Alan Remy Taborga*
State of Illinois                                    Alan Remy Taborga
*Counsel for Defendants,*                           Assistant Attorney General
GREGORY GOSSETT, ROBBIE                              Office of the Illinois Attorney General
JOHNSON, and COREY WISE                             1776 East Washington Street
                                                    Urbana, Illinois 61802
                                                    Phone: (217) 278-3332
                                                    E-Mail: alan.taborga@ilag.gov

4

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 10, 2021, I electronically filed the foregoing,

*Defendants' Motion for Leave to File Amended Answer and Affirmative Defenses*, with the Clerk of

Court using the CM/ECF system, which will send notification of such filing to the following

participants:

>Irene K. Dymkar
>Shamoyita Munna DasGupta
>Law Offices of Irene K. Dymkar
>Irene.dymkar@dymkarlaw.com
>shamoyita.dasgupta@dymkarlaw.com
>
>Joseph Rupcich
>Rachael N. Hayes
>Cassiday Schade LLP
>jrupcich@cassiday.com
>rhayes@cassiday.com
>
>Daniel P. Kiss
>Louis J. Meyer
>Meyer & Kiss LLC
>dankiss@meyerkiss.com
>louismeyer@meyerkiss.com
>
>Andrew Ramage
>Anthony Schuering
>Brown Hay & Stephens LLP
>aramage@bhslaw.com
>aschuering@bhslaw.com

By:  *s/    Alan Remy Taborga*
Alan Remy Taborga
Assistant Attorney General
Office of the Illinois Attorney General
1776 East Washington Street
Urbana, Illinois 61802
Phone: (217) 278-3332
E-Mail: alan.taborga@ilag.gov