UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC OLLISON, )<br>    Plaintiff, )<br>  )<br>vs. )<br>  )<br>WEXFORD HEALTH SOURCES, et.al., )<br>    Defendants ) | Case No. 17-1077 |

ORDER

This cause is before the Court for consideration of Plaintiff's Motion to Reconsider the July 6, 2022 Order granting Defendants Gregory Gossett, Corey Wise, and Robbie Johnson's Motion to Bar Plaintiff's Expert Witnesses. For the following reasons, Plaintiff's motion is DENIED. (Plain. Mot., [536]).

I. BACKGROUND

On February 18, 2022, the Plaintiff and 14 Medical Defendants filed a Stipulation of Dismissal after reaching a settlement agreement. [526]. Plaintiff's remaining claim alleges three Illinois Department of Corrections (IDOC) employees violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition.

Plaintiff's complaint specifically alleges Defendants Warden Gregory Gossett, Correctional Counselor Corey Wise, and Correctional Counselor Robbie Johnson had notice of Plaintiff's need for medical care due to three grievances he submitted on December 22, 2013; December 28, 2013; and January 8, 2014. (Comp., p. 16, para. 94).

1

In addition, Plaintiff claims Defendant Warden Gossett was responsible for the overall operation of Illinois River Correctional Center including the provision of medical services and he "was aware of, facilitated, and/or turned a blind eye to the deficient practices which ultimately resulted in injury to (the Plaintiff.)" (Comp., p. 17, para. 103).

## II. MISSTATEMENT OF THE RECORD

Before considering the Plaintiff's motion, the Court must again address Plaintiff's briefing. The docket in this case demonstrates the contentious and protracted nature of this litigation.[1] The Court has repeatedly advised the parties any motion filed must stick to the specific issue raised and must not revisit previous rulings.[2] Most concerning, the Court has repeated noted misrepresentations of the record in the

---

[1] See January 29, 2021 Case Management Order (reviewing history); April 20, 21 Summary Judgment Order, (reviewing history); see also Magistrate Judge's 27 separate hearings to address discovery issues (March 31, 2017 Minute Entry; September 4, 2018 Minute Entry; February 14, 2019 Minute Entry; April 2, 2019 Minute Entry; May 29, 2019 Minute Entry; July 29, 2019 Minute Entry; September 19, 2019 Minute Entry; September 23, 2019 Minute Entry; October 4, 2019 Minute Entry; October 16, 2019 Minute Entry; December 20, 2019 Minute Entry; January 7, 2020 Minute Entry; February 18, 2020 Minute Entry; March 5, 2020 Minute Entry; March 9, 2020 Minute Entry; April 1, 2020 Minute Entry; May 6, 2020 Minute Entry; July 13, 2020 Minute Entry; July 23, 2020 Minute Entry; September 25, 2020 Minute Entry; October 2, 2020 Minute Entry; December 16, 2020 Minute Entry ;February 5, 2021 Minute Entry; May 4, 2021 Minute Entry; July 1, 2021 Minute Entry; October 12, 2021 Minute Entry).

[2] See April 20, 2021 Summary Judgment Order, p. 10 ("The Plaintiff MUST NOT review previous history or rulings in respond to the motion for summary judgment."); July 1, 2021 Text Order ("any briefing provided MUST stick to the specific topic…The parties must not address previous rulings…")

pleadings[3] and the Court has specifically warned of potential sanctions for failure to follow Court orders.[4]  Nonetheless, Plaintiff is undeterred.

Plaintiff's brief again provides an inaccurate depiction of previous rulings which are unrelated to his Motion to Reconsider.  For instance, Plaintiff's motion suggests the Court unfairly allowed the Defendants to file Motions to Bar Expert Witnesses, but did not allow Plaintiff the same opportunity. Plaintiff says the Defendants were allowed to file their motion to bar expert witnesses after summary judgment briefing was completed.  Plaintiff then filed a motion to bar Defendants' expert, Dr. Arnold Berns, on March 10, 2022. [529].

> "Without ruling on plaintiff's motion to bar defendant's expert, …
> the Court dismissed plaintiff's motion, with leave to refile, because
> the motion was filed after the dispositive motion filings. (Order of
> March 31, 2022). Although defendants' motion to bar plaintiffs'
> experts … was also filed after the dispositive motion filings, the
> Court ruled on it. (Plain. Mot., p. 3).

Plaintiff also contends "[b]ecause of the Court's prohibition against filing any additional motions (Order of March 31. 2022), plaintiff's counsel Louis Meyer was not able to file an already-prepared motion to bar expert opinions of defendants' expert,

---

[3] *See i.e.* January 20, 2021 Case Management Order, p. 8 ('Plaintiff's motion blatantly misrepresents the record…"); p. 15 ("The Court is alarmed at each counsel's misrepresentation of the record in this case."); p. 16 ("At best, Plaintiff has again failed to present an accurate record."); February 20, 2021 Summary Judgment Order, p. 2 (noting Plaintiff's inaccurate depiction of record); p. 4 ("Plaintiff's comments are deceiving given the record in this case.").

[4] *See* January 29, 2021 Case Management Order (advising parties of Rule 11 requirements and "[i]f any party continues to ignore the repeated admonitions of this Court, sanctions will be imposed."); April 20, 2021 Summary Judgment Order, p. 11 (advising if parties fail to follow Court's directions it will strike future briefing): July 1, 2021 Text Order (repeating admonitions).

physiatrist Dr. Richard T. Katz, and plaintiff's counsel Irene K. Dymkar was not able to file a motion to bar expert opinions of defendants' expert, neurologist Dr. Andrew J. Gordon." (Mot, p. 2).

Plaintiff has blatantly misrepresented the record.

On July 1, 2021, this Court held a telephone hearing specifically to address *Plaintiff's* Motion for a Briefing Schedule for *Daubert* Motions or motions to address barring expert witnesses. [471]. Based on the information provided during the hearing, the Court held it would "not address potential *Daubert* Motions prior to Summary Judgment." July 1, 2021 Minute Entry.  The deadline for summary judgment motions and *Daubert* motions was set for September 1, 2021.

Defendants filed a timely dispositive motion and motion requesting additional time to file their *Daubert* motion. [484, 487].   The Court granted Defendants motions for additional time and the Defendants' motion was filed on October 22, 2021. [503].

Plaintiff did *not* file a motion requesting additional time to file a *Daubert* motion. Instead, Plaintiff filed his motion concerning Expert Witness Berns *six months after* the deadline set in response to Plaintiff's motion. [529].

In addition, the motion concerning Expert Witness Berns had no relation to the issues presented in the pending motion for summary judgment.  While Plaintiff's motion specifically addressed the *Daubert* case, he labeled his filing a "Motion in Limine" and made no mention of the pending summary judgment motion. [529].  More important, Defendants do not cite to Dr. Bern's report in either their Motion for Summary Judgment or their Reply. (Def. S.J. Memo.,[485], Ex 1-8; Reply [547]).

4

The Court notes Plaintiff also filed a separate motion asking the Court to prevent the Defendants from forcing expert witness retained by the Medical Defendants, including Dr. Berns, from testifying on behalf of IDOC witnesses *at trial.* [521]. Plaintiff's motion was entitled "Motion to Bar Illinois Department of Corrections Defendants From Forcing Unwilling Experts Dr. Arnold Berns and Dr. Andrew Gordon To Testify and Creating A Disruptive 'Trial Within a Trial'" and specifically asked the Court not to allow the Expert Witnesses "to testify at trial."[5] (Plain. Mot.,[521]).

On March 31, 2022, the Court listed the various motions the parties had filed while awaiting the Court's decision on Defendant's Summary Judgment Motion and Motion to Bar Expert Witnesses. "These filings … constitute the non-stop, lengthy, and excessive filings that have become prevalent in this case." March 31, 2022 Text Order. Therefore, the Court struck all motions addressing *trial* issues "with leave to refile, if appropriate, after the dispositive Motion has been ruled upon." March 31, 2022 Text Order.

Despite Plaintiff's claims, the record plainly demonstrates any of Plaintiff's submitted or anticipated motions asking to bar Defendants' Expert Witnesses were clearly untimely and had no relation to the pending dispositive motion.

III. LEGAL STANDARD

---

[5] Plaintiff also admitted in his motion that Defense counsel had informed Plaintiff Dr. Berns said he would not testify as an Expert Witness for the IDOC Defendants. (Plain. Mot.,[529], p. 2).

"A district court may reconsider and amend any nonfinal order at any time before entry of final judgment." *Frazee v. Dearborn County Sheriff's Department*, 2018 WL 4680156, at *1 (S.D.Ind. Sept. 28, 2018) *citing Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983); Fed. R. Civ. Pro. 54(b). Nonetheless, court orders are not "mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Cehovic–Dixneuf v. Wong*, 895 F.3d 927, 932–33 (7th Cir. 2018) *quoting Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. Nov. 15, 1988). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996); *see also United States v. Thompson*, 2022 WL 267595, at *2 (7th Cir. 2022). Instead, motions to reconsider serve a limited purpose, and are only appropriate "when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it." *U.S. v. Ligas*, 549 F.3d 497, 501–02 (7th Cir. 2008); *citing Bank of Waunakee v. Rochester *502 Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990).

## IV. ANALYSIS

Plaintiff asks the Court to reconsider its order granting the IDOC Defendants' Motion to Bar the testimony of two Expert Witnesses. Dr. Manpreet Samra is a nephrologist with expertise in the treatment of kidney disease, and Ralph Salke is a certified nurse and correctional healthcare provider. *See* July 6, 2022 Order. The July 6,

2022 order details the basis of the Court's opinion. In short, the Court found the Plaintiff failed to demonstrate either medical witness possessed a specific scientific, technical, or specialized knowledge needed to assist the trier or fact in determining the claims against the remaining three non-medical Defendants, and if allowed, the testimony might instead confuse or unduly influence the jury. *See* July 6, 2022 Order.

Plaintiff has failed to cite to any legal basis for his Motion to Reconsider. Instead, Plaintiff repeatedly states there was a "misapprehension of law and facts." (Plain. Mot., [536]).

For instance, Plaintiff argues the Defendants' Motion to Bar Expert Witnesses did not identify the specific opinions which were objectionable, and therefore it "was a misapprehension of law and facts for the Court" to strike all opinions. (Plain. Mot., (Plain. Mot., [536]), p. 11). However, Plaintiff incorrectly suggests the entire report of each expert was relevant to the claim against the IDOC Defendants. They were not. In fact, most of the provided opinions pertained to the Medical Defendants who are no longer before the Court. Neither Expert Witness offered any opinions concerning Defendants Johnson or Wise. Therefore, it was not difficult to identify and consider the specific, contested opinions.[6]

---

[6] For instance, only six of Expert Witness Dr. Samara's 53 separate opinions and only 35 of Expert Salke's proffered 130 paragraphs had any relation to Defendant Gosssett. *See* July 6, 2022 Order, p. 5-6, p. 14.

7

Throughout his Motion to Reconsider, Plaintiff argues the Court improperly limited this case to Plaintiff's three grievances complaining about medical care. Plaintiff is incorrect.

First, the Court can only consider the evidence provided. For instance, Expert Witness Dr. Samra only referred to Defendant Warden Gossett in six of his opinions and four directly concerned the grievance procedure. (Plain Resp. [510], Ex. A, Samra Rpt., para. 26, 27, 29, 30). Dr. Samra admitted he was unfamiliar with the grievance procedure and the Court found Plaintiff could not add grievance requirements based on his Expert's medical opinion.

The remaining two paragraphs offered the Expert Witnesses' medical opinion regarding the response of both Defendant Warden Gossett and Wexford Health Sources. (Plain Resp. [510], Ex. A, Samra Rpt., para. 17, 42). The Court found Plaintiff could not use his medical expert to impart medical knowledge to a nonmedical Defendant.

Second, the Court did consider Expert Witness Salke's report regarding Defendant Warden Gossett's knowledge of the ongoing problems with the facility's doctor and medical services. Plaintiff maintains the Defendant turned a blind eye to these issues. *See* July 6, 2022 Order, p. 17. However, Plaintiff did not adequately demonstrate an expert was needed to assist the jury with this determination. *See* July 6, 2022 Order, p. 17-18, *citing Good Shepherd Manor Found., Inc. v. City of Momence,* 323 F.3d 557, 564 (7th Cir. 2003)("Expert testimony as to legal conclusions that will determine the outcome of the case is inadmissible."); *Client Funding Solutions Corp. v. Crim,* 943 F.

Supp. 2d 849, 863 (N.D. Ill. May 6, 2013) ("Opinions that amount to legal conclusions do not assist the trier of fact."); *see also Fields v. City of Chicago*, 2018 WL 1652093, at *6 (N.D.Ill. April 5, 2018)("[a]n expert witness may not usurp the jury's function to weigh evidence and make credibility determinations.")(internal quotation omitted); *Davis v. Duran,* 277 F.R.D. 362, 370 (N.D.Ill. June 10, 2011) ("[E]xpert witnesses are not allowed to sort out possible conflicting testimony or to argue the implications of those inconsistencies. That is the role of the lawyer, and it [is] for the jury to draw its own conclusions from the testimony it hears.").

Plaintiff also specifically takes exception to the Court's concern that Witness Salke's opinions under the heading of "supervisor liability" could be confusing to the jury. *See* July, 2022 Order, p. 16. The Expert Witness opinion did not clarify the term and the Court noted the doctrine of *respondeat superior* did not apply to Plaintiff's claims.

Plaintiff argues he is not claiming the Warden was vicariously liable, but instead he was directly liable because Defendant Gossett knew about the unconstitutional conduct and either facilitated it, approved it, condoned it, or turned a blind eye to it. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). However, Plaintiff's own motion notes Defendant "Gossett did not have to be medically training to know there were medical consequence to his failure to supervise Dr. Greby and the Health Care Unit." (Plain. Mot., (Plain. Mot., [536]), p. 10). The same is true of the jury.

9

The Court will not consider any remaining arguments which rehash issues previously argued and considered or seek to add new issues not addressed in Plaintiff's previous briefing.  See *Caisse,* 90 F.3d at 1270; *Thompson*, 2022 WL 267595, at *2.

> In this case, while Dr. Samra and Salke each have specialized training and knowledge, there is no indication the expertise of these witnesses is needed to assist the jury "to understand the evidence or determine a fact at issue." Fed.R.Evid. 702(a); *see also Aponte v. City of Chicago,* 2011 WL 1838773, at *2 (N.D.Ill. May 12, 2011)(jury "is able to evaluate the same evidence and is capable of drawing its own conclusions without the introduction of a proffered expert's testimony."). In addition, allowing the gratuitous expert opinions could serve to confuse or unduly influence the jury. July 6, 2022 Order, p. 20

The Motion to Reconsider the Court's decision to bar the expert testimony of Witnesses Dr. Samra and Salke is DENIED. (Plain. Mot., [536]).

## V. DEFENDANT GOSSETT'S DATE OF EMPLOYMENT

The Court's order considering the Motion to Bar Expert Witnesses also addressed evidence concerning the date Defendant Gossett became the Warden at Illinois River Correctional Center.  During his first deposition on November 19, 2019, the Defendant testified he came to Illinois River in 2011 as an Assistant Warden and was then promoted to Warden in July of 2012. (Plain. Mot., [369], Ex. B, p. 16).

Defendant Gossett later provided supplemental answers to his interrogatories on June 23, 2020, correcting his testimony. (Plain. Mot., [369], Ex. C).  The Defendant said he did not start his employment at Illinois River until 2013.  Specifically, Defendant Gossett said he began as Assistant Warden of Operations in March 2013 to August of 2013 and then became Warden in September of 2013. (Plain. Mot., [369], Ex. C).  The Defendant explained he mistakenly provided the wrong dates because he had been

10

retired for more than five years from IDOC and he had not reviewed his personnel file before his first deposition. (Def. Resp., [495], Ex. 15, p. 72).

Plaintiff has previously stated Defendant's dates of employment are important because Plaintiff intends to argue the Warden was aware of several emails concerning the competence of the facility's doctor as far back as 2011. *See* July 6 Order, p. 22. However, after Defendant Gossett corrected his dates of employment, Plaintiff was allowed to depose Defendant Gossett on two *additional* occasions. The Plaintiff was able to inquire about the Warden's tenure and his knowledge of the emails.

Nonetheless, Plaintiff continued to argue in his subsequent briefing that Defendant Warden Gossett began his employment earlier than 2013 based *only* on the first deposition. The Court noted "[w]hile Defendant's lack of preparation for his first deposition is not commendable, any potential prejudice to the Plaintiff based on the inaccurate information provided was addressed when Plaintiff was given additional opportunities to question the Defendant." July 6, 2022 Order, p. 22-23. Plaintiff fails to mention the additional depositions in his Motion to Reconsider.

Plaintiff also previously filed a motion which in part asked to bar Defendant Gossett from disputing his previous testimony concerning his start date. (Plain Mot, [369]). January 29, 2021 Order. The Court dismissed the "frivolous motion" in its entirely noting several misrepresentations of the record in this case. *See J*anuary 29, 2021 Case Management Order, p. 4-8.

Defendants now argue the Warden's start dates are a documented fact, not a credibility determination. Defendants note the Defendant explained his memory lapse

11

and corrected the dates of his employment in both his supplemental answers to interrogatories and a sworn declaration provided to Plaintiff. Plaintiff also specifically testified to his correct start dates during the two additional depositions.[7]

However, the Court did not go so far as to find Defendant Gossett's start dates were documented fact. In fact, the Court specifically stated Plaintiff could still argue Defendant Gossett began his employment prior to 2013. However, the Court admonished Plaintiff if he still intended to argue the Defendant Warden began his Illinois River employment prior to March of 2013, he could not continue to reply only on the deposition testimony. Instead, Plaintiff was advised he must "demonstrate an earlier start date through specific testimony or documents demonstrating Defendant Gossett, not an unnamed administrator, received and reviewed the pertinent emails." July 6, 2022 Order, p. 23.

While the Defendant Warden did provide an earlier start date in his first deposition, he corrected that error in supplemental answers to interrogatories, a sworn declaration, and two subsequent depositions. Plaintiff was able to participate in months of discovery and numerous depositions. If the Defendant Warden Gossett began in 2011, Plaintiff should have some evidence to support his contention and he can present

---

[7] In response to the Motion to Reconsider, Defendant also provides the specific pages from his personnel file which he claims verifies his start dates in 2013. While it is not entirely clear, it does not appear these documents were previously provided to Plaintiff during discovery due to an argument over whether Plaintiff was entitled to Defendant's entire personnel file. If not provided during discovery, the document will not be considered at this juncture and is a further example of the ridiculously contentious nature of discovery in this case.

this evidence at summary judgment or trial.  Plaintiff's Motion to Reconsider the Court's ruling is DENIED.

 IT IS THEREFORE ORDERED Plaintiff's Motion to Reconsider the Court's July 6, 2022, Order is DENIED [536].

ENTERED this 16th day of December, 2022

       s/James E. Shadid

       _____
       JAMES E. SHADID
      UNITED STATES DISTRICT JUDGE